[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks a dissolution of marriage, alimony and distribution of marital assets.
The Court, in determining its orders, has considered the provisions of § 46b-81 and § 46b-82 of the general statutes.
The parties intermarried on January 17, 1970. There are no minor children issue of the marriage.
The marriage has broken down irretrievably and it is ordered dissolved on the grounds of irretrievable breakdown.
The parties were quite young when they married in 1970. The wife was a high school senior and the husband is only one year older than she. (He is now 47 and she is 46).
In 1979, the wife found out that the husband was having an affair and started a divorce action. But after counseling they agreed to continue the marriage and she withdrew the action.
In 1995, she suspected he was having another affair and in CT Page 8603 1996, after finding the husband in an out of state motel with yet another woman, the present action was commenced.
The parties own a home with a fair market value of $166,000, subject to a mortgage of approximately $51,000. The fair market value of the land on which the home is located is $35,000. The land was a gift from the plaintiff's father who testified that he gifted it solely to his daughter and not to the defendant. In any event, while it is a marital asset, the defendant did not contribute to its acquisition.
During the marriage, both parties contributed to the marital estate. The wife was the primary care taker of the home including the two children of the marriage, (who are now adults), while the husband was the primary bread-winner.
In the 1980's the wife embarked in a college degree program. (She was the valedictorian of her high-school class). She eventually obtained her Masters and is now in a PHD program. While the husband contributed to her education, a good portion of money she earned, for example, in the summer months or from student loans, went to household expenses. She presently has about $21,000 outstanding in student loans.
The husband worked as an electrician, and through a combination of class work and experience, obtained an E-2 license. He put substantial sweat equity into the construction of and improvements to the marital home.
As the result of an industrial accident, the husband has a 35% disability to his back. He has a pending worker's compensation claim and may get a lump sum settlement.
The husband ascribes the breakdown as a matter of the parties growing apart, but a big reason for that happening was the several affairs, the belittling comments he made to her and even an instance of physical abuse, thus there were reasons the parties grew apart.
Giving consideration to the stated statutory provisions, the Court enters the following orders:
Real Property:
The husband shall quit claim his interest in the jointly CT Page 8604 owned property known as 118 Main Street, Hampton, Connecticut to the wife. The wife shall be responsible for all debts related thereto and shall indemnify and hold the husband harmless thereon. (After deducting the value of the land which the husband did not contribute to, and the home equity mortgage, there is a total equity value of approximately $80,000 thus the wife by this order gets $40,000 more than her half equity interest).
Retirement Accounts:
The husband has a Paine Weber retirement fund valued at approximately $122,700 and, in addition Gannet Fleming pensions valued at $36,000. The wife has only a nominal college retirement equity fund. She presently works as a graduate assistant, but should have a greater opportunity to acquire future assets and increased income, especially once she has her PHD. (The retirement fund has increased some $11,000 from the commencement of the trial).
The wife shall receive one third of the husband's Paine Weber retirement fund, to be secured by a Qualified Domestic Relations Order. (The husband shall retain his interest in the Gannet Fleming pension plans).
Alimony:
The wife presently earns $346 weekly as a graduate assistant (but can be expected to earn more in the not too distant future). Her health is good and she appears able to support herself.
The husband earns $400 as a job site inspector (and gets a company car). He has always been able to earn a living and should be able to support himself in the future. Indeed, he has typically earned more than $400 per week.
Accordingly, alimony is not awarded to either party.
Personal Property:
In addition to the personal property already in the possession of the husband, he shall have the generator, his athletic equipment, a telephone booth, a reasonable number of family photographs, and an air compressor.
Debts:
CT Page 8605
Each party shall be responsible for the debts listed on their respective financial affidavits, with the exception of the "Americas on Wharf" debt of approximately $4,000 which they shall share equally.
Medical Insurance:
The wife shall cooperate with the husband securing COBRA coverage for the full statutory period at the husband's expense.
Counsel Fees:
Each party shall be responsible for his or her own counsel fees.
Klaczak, J.